### T. E. CRICKETT v. PHINEAS D. HAMPTON'S ADM'RS.

**Jurisdiction of Court.**

> When the subject of an action is mortgaged real estate and a part
> of it is in the county where the suit was brought, the court has
> jurisdiction as to the whole although some parcels of the real estate
> are situated in another county.

### APPEAL FROM BUTLER CIRCUIT COURT.

September 19, 1878.

OPINION BY JUDGE COFER:

The subject of this action was the mortgaged property, and as a
part of it is situated in Butler county, where the suit was brought,
we incline to the opinion that that court had jurisdiction as to the
whole, although some district parcels are situated in Logan county.
By embracing all in one mortgage the appellant subjected all to
the jurisdiction of the courts in either county. Any other construc-
tion would be extremely inconvenient in practice, and would sub-
ject the parties to unnecessary costs, produce confusion and even
result in loss to the parties.

No injustice can result to any one from this construction, and no
violence is done to the language of the statute. The petition stated
facts constituting a cause of action, and there was no error in over-
ruling the demurrer of the appellant.

The order overruling the motion for a continuance was not ex-
cepted to, and for that reason does not, even if erroneous, afford
ground for reversing the judgment.

There is no statute directing where the sale of land adjudged to
be sold in a proceeding to enforce a mortgage lien shall be made.
It is, therefore, the duty of the court to designate the place of sale,
and as it does not appear that there was any abuse of discretion in
fixing upon Morgantown instead of Russellville, the judgment can-
not be reversed on that ground. For aught that appears the former
place may have been the most appropriate.

The other assignments of error have been disposed of in what
has already been said.

Judgment *affirmed.*

Judge Hines did not sit.

*R. S. Bevier, for appellant.   John M. Porter, for appellee.*